## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ERIC LARA, SR.**                                           **CIVIL ACTION**

**VERSUS**                                                   **NO. 05-6860**

**LOUISIANA DEPARTMENT OF**                                  **SECTION:  "K"(1)**
**CORRECTIONS, SECRETARY,**
**RICHARD L. STALDER, ET AL.**

### REPORT AND RECOMMENDATION

Plaintiff, Eric Lara, Sr., a state prisoner, filed this *pro se* and *in forma pauperis*[1] complaint

pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections,

Richard Stalder, James Miller, Robert Tanner, Kathy McGinnis, Peter Mora, the "Medical

Department," Dr. Jerry Thomas, Bessie Carter, Nita Pittman, Josh Gall, Lt. Ronnie Seal, Lt. Col.

William Dunaway, Jerry Miller, Larry Grow, Capt. Billy Anderson, Douglas Brandon, Micah

McMurray, and Elizabeth Olivera.  As relief, he requested several million dollars in damages.

---

[1] Several federal lawsuits filed by plaintiff have been dismissed as frivolous, malicious, and/or for failure to state a claim.  Lara v. Stalder, Civil Action No. 03-308 (W.D. La.); Lara v. Stalder, Civil Action No. 03-850 (M.D. La.); Lara v. State of Louisiana, Civil Action No. 04-2738 (E.D. La.); Lara v. State of Louisiana, Civil Action No. 05-2661 (E.D. La.); and Lara v. Louisiana Department of Corrections, Civil Action No. 06-47 (E.D. La.).  However, because not all of those dismissals occurred or were final prior to the time he filed the instant lawsuit, he was not barred at that time by 28 U.S.C. § 1915(g) from proceeding as a pauper in this case.

On May 16, 2006, all of plaintiff's claims were dismissed except for the claims against Lt. Ronnie Seal, Douglas Brandon, and Micah McMurray for cruel and unusual punishment, and against Dr. Jerry Thomas, Bessie Carter, Nita Pittman, and Josh Gall for deliberate indifference to serious medical needs.[2]  Those defendants have now filed a motion to dismiss the remaining claims.[3] Plaintiff was ordered to file a memorandum in opposition to that motion by July 5, 2006;[4] however, he has not done so.

Defendants contend that it is apparent from the complaint that plaintiff failed exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).  They argue that, based on that fact, plaintiff has failed to state a claim upon which relief can be granted and that they are therefore entitled to a dismissal of claims against them pursuant to Fed.R.Civ.P. 12(b)(6).[5]

The United States Fifth Circuit Court of Appeals has noted:

> Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.

---

[2]  Rec. Doc. 27.  As noted in the prior Report and Recommendation issued in this case, Rec. Doc. 26, plaintiff's claim against Seal, Brandon, and McMurray is that, on December 10, 2004, while plaintiff was being transferred within the Washington Correctional Institute, he was forced to carry his belongings, weighing approximately one hundred twenty-five pounds, behind his back while handcuffed and shackled.  As he struggled with the heavy load, the defendants loudly mocked him. Plaintiff then lost his balance and fell on the handcuffs, which he claims "crushed [his] hip against the concrete sidewalk" and "broke [him] in half like a pretzel."   Plaintiff's claim against Thomas, Carter, Pittman, and Gall is that they were deliberately indifferent to his medical needs arising from his resulting injuries.

[3] Rec. Doc. 34.

[4] Rec. Doc. 35.

[5]  Where the failure to exhaust administrative remedies is apparent from the face of the complaint, a Rule 12(b)(6) motion is an appropriate vehicle for seeking dismissal.  See, e.g., Jefferson v. Loftin, No. Civ. A. 3:04-CV-1102, 2005 WL 4541891, at *3 (N.D. Tex. March 16, 2005); McCoy v. Goord, 255 F. Supp. 2d 233, 249 (S.D.N.Y. 2003).

> The test for determining the sufficiency of a complaint under Rule 12(b)(6) was set out by the United States Supreme Court as follows: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)) (citations omitted). "When ruling on a rule 12(b)(6) motion, the court must liberally construe the complaint in favor of the plaintiff and assume the truth of all pleaded facts." Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002).

Defendants correctly note that the Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory in cases covered by § 1997e(a). Porter v. Nussle, 534 U.S. 516, 524 (2002).

The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id. at 532 (emphasis added). The Supreme Court has further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The United States Fifth Circuit Court of Appeals has noted that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in Booth." Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

In this Circuit, a prisoner must allege exhaustion with "sufficient specificity." Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998). If he fails to do so, dismissal is warranted. See, e.g., Robinson v. Schilling, 61 Fed. App'x 919 (5th Cir. 2003); Guerra v. Reneau, 46 Fed. App'x 227 (5th Cir. 2002).

The Court notes that plaintiff alleged in his complaint that he had exhausted his administrative remedies. On the complaint form, plaintiff responded "Yes" to the following question: "Did you present the facts relating to this complaint in the prisoner grievance procedure?"[6] The complaint form next instructed plaintiff to "list the number assigned to the complaint(s) and approximate date it was presented to the prison." He responded: "WCI-2004-731 (12-05-04)[,] WCI-2005-195 (03-10-05)."[7] He then responded "Yes" to the following question: "As to each grievance complaint provided or listed above, have you exhausted or completed all steps in the procedure, including appeals?"[8]

The defendants argue that despite plaintiff's allegations that he exhausted his claims in the two specified grievances, it is clear that those allegations are untrue. Defendants are correct.

As the defendants note, it is evident that the grievance identified as WCI-2004-731 does not relate to the remaining claims in this lawsuit. The remaining claims stem from an incident which allegedly occurred on December 10, 2004, and plaintiff's medical care following that incident. Because WCI-2004-731 was submitted to prison officials on December 5, 2004, five days prior to

---

[6] Rec. Doc. 1, complaint, § II(B).

[7] Rec. Doc. 1, complaint, § II(C)(1).

[8] Rec. Doc. 1, complaint, § II(C)(2).

4

that incident, it obviously could not relate to plaintiff's current claims.  Moreover, speculation is not required in this case, because plaintiff himself has supplied the Court with a copy of WCI-2004-731.  That grievance, which appears at pages 25-28 of Rec. Doc. 23, relates to an unrelated "shakedown" which occurred on December 1, 2004.[9]  Therefore, WCI-2004-731 is irrelevant to the claims remaining in this lawsuit.

As to the grievance identified as WCI-2005-195, the defendants note that the grievance was untimely.  Again, no speculation is required on that issue, because plaintiff has also supplied the Court with copies of the records relating to that grievance.  Those records, which appear at pages 33-35 of Rec. Doc. 23, establish that the grievance does in fact relate to the claim that Seal and Brandon subjected plaintiff to cruel and unusual punishment when they forced him to carry his belongings behind his back on December 10, 2004.[10]  However, those records further reflect that the grievance, which was dated March 10, 2005, was rejected the following day as untimely.  Where a grievance has been denied as untimely, the exhaustion requirement is not met absent some showing that the prisoner *attempted* to exhaust his administrative remedies but that a *personal inability* to access the grievance system rendered that system unavailable to him.  See Parker v. Adjetey, 89 Fed. App'x 886 (5th Cir. 2004); Days v. Johnson, 322 F.3d 863, 867-68 (5th Cir. 2003).

---

[9] The United States Fifth Circuit Court of Appeals has held when a district court is considering a Rule 12(b)(6) motion in a case filed by a *pro se* plaintiff, the district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).  Therefore, a *pro se* litigant's supplemental filings that "embellish[] the original complaint's averments" should be considered when ruling on a Rule 12(b)(6) motion. Id.  Accordingly, plaintiff's supplement to his complaint and its attachments are properly considered a part of the complaint in this matter and must be considered in connection with the instant motion.

[10]  The Court notes that McMurray is not mentioned in the grievance.

Moreover, the Court notes that plaintiff's allegations in his complaint that he exhausted his medical claims against Thomas, Carter, Pittman, and Gall in either WCI-2004-731 or WCI-2005-195 are patently false.  As previously noted, he appended to his supplemental complaint copies of both WCI-2004-731 and WCI-2005-195.  In neither of those administrative grievances did he even *mention* the claims against defendants Thomas, Carter, Pittman, or Gall for deliberate indifference to serious medical needs.  Where, as here, a document appended to plaintiff's complaint[11] reveals facts that contradict the very allegations of the complaint, those allegations need not be accepted as true when considering a motion to dismiss.  <u>Associated Builder, Inc. v. Alabama Power Co.</u>, 505 F.2d 97, 100 (5th Cir. 1974).  Because the grievance records plaintiff himself provided conclusively disprove his allegations that he exhausted his claims against Thomas, Carter, Pittman, and Gall in either WCI-2004-731 or WCI-2005-195, the Court finds that he has not sufficiently alleged exhaustion as required.  Accordingly, as to the claims against Thomas, Carter, Pittman, and Gall, dismissal is appropriate.

For all of the foregoing reasons, the Court finds that defendants' unopposed motion to dismiss should be granted.  Plaintiff's claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.  <u>See Underwood v. Wilson</u>, 151 F.3d 292, 296 (5th Cir. 1998).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that defendants's motion to dismiss be **GRANTED** and that plaintiff's remaining claims be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust

---

[11] <u>See</u> *supra* note 9.

administrative remedies pursuant to 42 U.S.C. § 1997e(a), but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighth day of August, 2006.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**